# OFFICE OF THE ESSEX COUNTY PROSECUTOR

## CAROLYN A. MURRAY
### ACTING ESSEX COUNTY PROSECUTOR
ESSEX COUNTY VETERANS COURTHOUSE, NEWARK, NEW JERSEY 07102
Tel: (973) 621-4700      Fax: (973) 621-5697



**ROBERT D. LAURINO**
ACTING FIRST ASSISTANT PROSECUTOR

**ANTHONY F. AMBROSE**
ACTING CHIEF OF PROSECUTOR'S DETECTIVES

April 1, 2015

Honorable Judges of the United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

                Re: Maurice Anderson v. Warden New Jersey
                    State Prison, et. al.
                    Docket No. 15-1440

Honorable Judges:

Please accept this letter as the respondents' argument regarding the issue of the jurisdiction of the Court to consider this appeal and in opposition to the petitioner's application for a certificate of appealability in this matter.

In this case, the Final Order denying the petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 was filed on November 24, 2014. (A copy of the Final Order is attached). Pursuant to 28 U.S.C. Sec. 2107(a), a party must file a notice of appeal within 30 days of the entry of the judgment being appealed. See also Fed.R.App.P. 4(a)(1)(A). Thus, petitioner's notice of appeal was required to be filed on or before December 24, 2014, unless he filed a motion requesting an extension

pursuant to Fed.R.App.P. 4(a)(5)(A). No motion for an extension was made.

According to the Court's letter dated March 3, 2015, petitioner's Notice of Appeal was filed on February 3, 2015. The filing was, therefore, untimely because not filed within thirty days of the district court final order of November 24, 2014. The timely filing of a notice of appeal is a jurisdictional prerequisite for the appeal. Bowles v. Russell, 551 U.S. 205, 212-214 (2007). The Court of Appeals does not have jurisdiction to entertain an appeal filed after the statutory time limit, and there is no equitable exception to the rule. Ibid. In the Bowles decision, the Supreme Court held that petitioner's untimely notice of appeal, even though filed in reliance of the district court's order, deprived the Court of Appeals of jurisdiction to hear the appeal. Id. at 207. Since in this case Petitioner filed his Notice of Appeal well beyond the 30-day filing deadline, it is submitted that this Court lacks jurisdiction to consider this appeal.

When the District Court declines to issue a certificate of appealability, a court of appeals cannot entertain an appeal of the denial of habeas corpus relief unless a circuit justice or judge issues a certificate of appealability. Miller-El v. Cockrell, 537 U.S. 322, 335-6 (2003); 28 U.S.C. §2253(c)(1).

Before a court of appeals grants a certificate of appealability, the petitioner must meet the heavy burden of establishing "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 483 (2000); United States v. Cepero, 224 F.3d 256, 262 (3rd Cir. 2000). To meet that burden, a petitioner need not show that his appeal will succeed. He must, though, demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, supra at 327; Slack, supra.

The court of appeals reviewing a petitioner's request for a certificate of appealability should not decide the merits of the appeal and not give "full consideration of the factual and legal bases in support of the claims." Rather, it should "limit its examination to a threshold inquiry into the underlying merit of his claim." Id. at 327, 336.

"[H]abeas corpus is not to be used as a second criminal trial, and federal courts are not to run roughshod over the considered findings and judgments of the state court...." Williams v. Taylor, 529 U.S. 362, 383 (2000). The Supreme Court emphasized that the habeas corpus statute "is fairly read simply as a command that a federal court not issue the habeas writ

unless the state court was wrong as a matter of law or unreasonable in its application of law in a given case." Id. at 385.

The Honorable Katharine S. Hayden, U.S.D.J., properly found that the habeas corpus petition was untimely because not filed within the one-year limitations period under 28 U.S.C. Sec. 2244(d)(2), and that the Petition did not overcome the statutory time-bar due to equitable tolling. See Opinion dated November 24, 2014. The district court further determined that the issues raised by the petitioner were without merit, and correctly found that the State court was not wrong as a matter of law or unreasonable in its application of clearly established Supreme Court precedent. The court therefore correctly ordered that the petition for habeas corpus be dismissed because time-barred pursuant to 28 U.S.C. Sec. 2244(d), and because the petition lacked merit.

Since the petitioner has failed to meet his burden of proof, the respondents respectfully request that a certificate of appealability not be issued.

        Respectfully submitted,

        CAROLYN A. MURRAY
        ACTING ESSEX COUNTY PROSECUTOR

        S/ Jane D. Plaisted

        JANE D. PLAISTED
        SPECIAL DEPUTY ATTORNEY GENERAL
        ACTING ASSISTANT PROSECUTOR

   I certify that I caused a copy of this letter to be served upon Mr. Maurice Anderson, #769537/427620, Lock Bag R, East Jersey State Prison, Rahway, New Jersey 07065 via certified mail.

        /s Jane D. Plaisted
        _____
        Jane D. Plaisted
        Special Deputy Attorney General
        Acting Assistant Prosecutor

Date: April 1, 2015

United States District Court
for the District of New Jersey

| | |
|---|---|
| MAURICE ANDERSON,<br><br>Petitioner,<br>v.<br><br><br>ADMINISTRATOR Northern State Prison; ATTORNEY GENERAL for the State of New Jersey,<br><br>Respondents. | Civil No.: 09-1168 (KSH)<br><br><br><br><br>**FINAL ORDER** |

This matter having come before the Court on Maurice Anderson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 16]; and for the reasons discussed in the accompanying opinion,

**IT IS**, on this 24th day of November, 2014,

**ORDERED** that the petition is **denied**; and it is further

**ORDERED** that a certificate of appealability shall not issue; and it is further

**ORDERED** that the Clerk of the Court close this case.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.